**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**LILIA NAZAROV, *et al.*,** *Individually and on Behalf of All Others Similarly Situated*,

Plaintiffs,

v.

**RE/MAX HOLDINGS, INC., *et al.*,**

Defendants.

Civil Action No. 25-17683 (ZNQ) (RLS)

**OPINION**

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Dismiss by Defendants RE/MAX Holdings, Inc., RE/MAX, LLC, RMCO, LLC, and RIHI, Inc. (together, ("RE/MAX," or "Corporate Defendants") and Erik Carlson, Adam Contos, Stephen Joyce, Karri Callahan, David Liniger, and Gail Linger ("Individual Defendants") (collectively, "Defendants"). ("Motion," ECF No. 15.) Defendants submitted a Brief in support of their Motion. ("Moving Br.," ECF No. 14-1.) Plaintiffs filed a Brief in Opposition, ("Opp'n Br.," ECF No. 26), and Defendants filed a Reply. ("Reply Br.," ECF No. 31.)

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT** the Motion, but will order that this matter be transferred to the United States District Court for the District of Colorado**.**

## I. BACKGROUND AND PROCEDURAL HISTORY

According to law enforcement authorities in the Dominican Republic, in early 2022, non-parties Rocio Del Alba Rodriguez De Moya ("De Moya"), Marisol Nova Nolasco ("Nolasco"), and Loany Lismeiry Ortiz Nova ("Nova") solicited and received funds from U.S. residents for the construction and sale of condominiums. (Compl. ¶¶ 200–01.) De Moya, who owned an international franchise of RE/MAX, advertised openings at two different development projects in the Dominican Republic. (*Id.* ¶¶ 131–32.) Unfortunately for the stateside investors, they had fallen victim to an international scam and the real estate developments were fictitious. (*Id.*)

RE/MAX is a real estate conglomerate that operates a "franchised business model." (*Id.* ¶ 67.) RE/MAX generates revenue by selling franchises and regional franchising rights, and through its vast network of agents. (*Id.* ¶¶ 68–70.) Outside of the United States and Canada, RE/MAX sells "Independent Regional Franchises," and grants the regional franchise owners the ability to "'sub-franchise' specific rights, while continuing to actively use and promote the RE/MAX brand to drive commissions and sales." (*Id.* ¶ 86.) RE/MAX collects a monthly franchise fee from each domestic and international franchise, as well as an annual fee from each agent. (*Id.* ¶¶ 82–84.) Through its agents, RE/MAX "reap[s] substantial financial profits by actively promoting agents within their network, equipping franchisees and consumers with tools to facilitate transactions, and marketing RE/MAX agents globally as trustworthy and reputable professionals." (*Id.* ¶ 70.) Additionally, RE/MAX "earn[s] a percentage of the total commission generated from each transaction completed by a RE/MAX agent." (*Id.* ¶ 85.)

RE/MAX markets domestic and international real estate offerings on its website and automatically connects potential customers with its agents. (*Id.* ¶¶ 71–76.) Plaintiffs were connected to purported RE/MAX agents by using RE/MAX's website. (*See id.* ¶¶ 143, 180.)

Plaintiffs bring this suit on behalf of a proposed class of "all persons who wired funds to the Dominican Seller Non-Parties for the 'Romana Victoriana Residences' and the 'Bávaro Victoriana Residences' in reliance of material misrepresentations made by Defendants during the Class Period" between January 1, 2021 and February 25, 2025. (*Id.* ¶ 215.) Plaintiffs assert ten claims under federal and state law on theories of fraud, racketeering, conspiracy, unjust enrichment, and negligence.

## II. <u>SUBJECT MATTER JURISDICTION</u>

The Court has subject matter jurisdiction over Plaintiffs' claims under federal law pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over their claims under state law pursuant to 28 U.S.C. § 1367. The Court also has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) because the parties are minimally diverse, the proposed close exceeds 100 members, and the amount in controversy exceeds $5,000,000.

## III. <u>LEGAL STANDARD</u>

A plaintiff challenged under Rule 12(b)(2), "bears the burden of establishing personal jurisdiction by a preponderance of the evidence and must do so by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Turner v. Prince George's Public Schools*, 694 F. App'x 64, 66 (3d Cir. 2017). Because a Rule 12(b)(2) motion "is inherently a matter which requires resolution of factual issues outside the pleadings," the jurisdictional allegations may be supported with sworn affidavits or other documents. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). A court must "accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits [and other written materials] in the plaintiff's favor." *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003) (citations omitted).

"[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F. 3d 93, 97 (3d Cir. 2004). Jurisdictional discovery should be permitted when factual allegations suggest the possible existence of requisite contacts between the defendant and the forum state with "reasonable particularity." *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

## IV. DISCUSSION

Defendants argue that the Complaint should be dismissed because the Court lacks personal jurisdiction over Defendants.[1]

There are two categories of personal jurisdiction — general jurisdiction and specific jurisdiction. *See Daimler AG v. Bauman*, 517 U.S. 117, 127–28 (2014) (distinguishing specific jurisdiction from general jurisdiction). Here, Plaintiffs do not dispute in their brief that the Court lacks general jurisdiction as to Defendants. (Opp. Br. 8–9) (asserting only specific jurisdiction and "consent jurisdiction").

Specific jurisdiction involves a three-part inquiry. First, the defendant must have "purposefully directed [its] activities" at the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation omitted). Second, the litigation must "arise out of or relate to" at least one of those activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). And third, if the first two requirements have been met, a court may consider whether

[1] Defendants also argue there is a binding agreement to arbitrate between the parties, and that Plaintiffs fail to plead sufficient facts to show a plausible entitlement to relief. (*See generally* Motioning Br.) Because the Court concludes it lacks personal jurisdiction over Defendants, it declines to address the remaining defenses.

the exercise of jurisdiction otherwise "comport[s] with fair play and substantial justice." *Burger King*, 471 U.S. at 476 (internal quotation marks omitted).

Here, Defendants' operation of a website that is merely available to New Jersey residents, but is not specifically directed at the forum, cannot suffice. *See Kim v. Korean Air. Lines Co., Ltd.*, 513 F. Supp. 3d 462, 470 (D.N.J. 2021) (finding a commercially interactive website is not purposeful availment when that website is widely available). While Plaintiffs have pled that Defendants license and support franchisees in New Jersey, Plaintiffs fail to articulate a connection between that activity and their claims in this matter. Notably, Plaintiffs do not allege that a New Jersey franchisee participated in the purported fraud. *Bristol-Myers*, 582 U.S. at 262 (the claim "must arise out of or relate to the defendant's contacts with the *forum*"). As to the personal jurisdiction for Individual Defendants, Plaintiffs fare no better. Outside of conclusory allegations that the Individual Defendants "were each associated with and participated in the affairs of the RE/MAX Enterprise," Plaintiffs plead nothing to show that the Individual Defendants purposefully availed themselves of New Jersey beyond their association with RE/MAX. (*See, e.g,* Compl. ¶ 248.)

## V. <u>VENUE</u>

Next, the Court must address whether dismissal or transfer of the Amended Complaint is warranted. The parties' briefing does not indicate a venue the case could be brought in. When a court determines that it does not have jurisdiction over a case, it "shall, if it is in the interest of justice, transfer [the case] to any other court in which the action . . . could have been brought at the time it was filed . . . ." (28 U.S.C. § 1631;) *see Christianson v. Colt Indus. Op. Corp.*, 486 U.S. 800, 818 (1988) ("[28 U.S.C. § 1631] confers on the Federal Circuit authority to make a single decision upon concluding that it lacks jurisdiction — whether to dismiss the case or, 'in the interest

of justice,' to transfer it to a court . . . that has jurisdiction.")). Section 1631 requires a two-part inquiry where the Court must find (1) that the action "could have been brought" in the transferee district and (2) that the transfer is in the interest of justice.

"A court must have the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). As to subject matter jurisdiction, Plaintiffs bring their claims in federal court under the federal question doctrine and the Class Action Fairness Act pursuant to 28 U.S.C. §§ 1331, 1332(d). (Compl. ¶¶ 30, 33.) Plaintiff alleges that damages exceed $5,000,000. (*Id.* ¶ 27.) Therefore, the Court concludes that the District of Colorado would have subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(d). The District of Colorado has general jurisdiction over the RE/MAX Defendants because "[e]ach of the Companies is incorporated in Delaware and maintains a principal place of business in Colorado." (Motioning Br. at. 3.) Pursuant to 18 U.S.C. § 1965(b), a district court may have "other parties residing in any other district be brought before the court" if "the ends of justice require." *See Laurel Gardens, LLC v. Mckenna*, 948 F.3d 105, 120 (3d Cir. 2020) ("When a civil RICO action is brought in a district court where personal jurisdiction can be established over at least one defendant, summonses can be served nationwide on other defendants if required by the ends of justice.")

Having found the District of Colorado is proper, the Court next considers whether the interests of justice favor the transfer by weighing convenience and fairness on a case-by-case basis. *See D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 110 (3d Cir. 2009). Whether a transfer would be in the interest of justice is within the Court's discretion. *See Kim v. Korean Air Lines Co.*, 513 F. Supp. 3d 462, 476 (D.N.J. 2021). "When jurisdiction is clearly

available in another court, as here, normally transfer will be in the interest of justice because dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *Id.* (internal quotation marks and alterations omitted) (quoting *SM Fin. Servs. Corp. v. Blue Cross Blue Shield*, Civ. No. 19-17497, 2020 WL 7869213, at *2 (D.N.J. July 16, 2020)). Due to the nature of Defendants' contacts with Colorado, personal jurisdiction is available. As a result, the Court will transfer the action to the United States District Court for the District of Colorado.

## VI. CONCLUSION

For the reasons stated above, the Motion to Dismiss will be **GRANTED.** In lieu of dismissal, the case will be transferred to the United States District Court for the District of Colorado. An appropriate Order will follow.

Date: October 30, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**